# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

CHRISTOPHER EVERETT                                                                                       PLAINTIFF
ADC #152664

v.                                                3:20-cv-00310-DPM-JJV

RICHARD COLLIE; *et al.*                                                                              DEFENDANTS

## **ORDER**

The record reflects that summons for Defendant Keith Day was delivered to an address on October 27, 2020, but the signature card (under seal) fails to adequately show who accepted service. (Doc. No. 15.) Accordingly, I find service on Defendant Day is not in compliance with Federal Rule of Civil Procedure 4(e) and service on Defendant Day is set aside.

The Clerk of the Court shall reissue Summons for Defendant Day, address under seal (Doc. No. 5), and the United States Marshal shall serve a copy of the Complaint (Doc. No. 2) Summons, and this Order on Defendant Day without prepayment of fees and costs or security therefore. The Court requests that the United States Marshal attempt to personally serve Defendant Day in this matter.

Plaintiff is reminded it is his responsibility to effectuate service upon Defendant Day. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (explaining it is the prisoner's responsibility to provide a valid service address for each defendant). And Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Accordingly, if Defendant Day is not served within thirty (30) days, the Court will recommend dismissal of Defendant Day.

Dated this 29th day of December 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE