IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER EVERETT
ADC #152664                                                              PLAINTIFF

v.                          No. 3:20-cv-310-DPM-JJV

RICHARD COLLIE, Corporal, NCU;
JERMERY ALMAN, Sergeant, NCU;
ALEXANDER DELGADO, Sergeant,
NCU; IAN WARD, Sergeant, NCU;
NURZUHAL FAUST, Warden; KEITH
DAY, Major; ROBERT PIERCE, Assistant
Warden; DEXTER PAYNE, Director,
ADC; and THANE HUYARD, Sergeant,
NCU                                                                      DEFENDANTS

ORDER

The Court partly adopts and partly declines the Magistrate Judge's partial recommendation, *Doc. 45*. FED. R. CIV. P. 72(b) (1983 addition to advisory committee notes). Everett doesn't oppose the motion for partial summary judgment as to Defendants Ward, Day, Payne, and Huyard. *Doc. 43 at 1*. The motion, *Doc. 38*, is therefore granted as to them. Further, the Court adopts the partial recommendation as to Grievance NC-20-00134.

The Court declines the partial recommendation as to Grievance NC-20-00196. Defendants argue that this grievance didn't include an allegation that Faust and Pierce failed to protect Everett. *Doc. 39 at 9*.

It did, however, include a corrective inaction allegation, which aligns with Everett's complaint in this case. *Compare Doc. 40-3 at 16 with Doc. 2 at 5.*

The recommendation posits a different theory: that the prison rejected the slice of the grievance about Faust and Pierce because the grievance raised multiple issues. The Defendants don't explicitly make this argument—perhaps because it's in tension with the prison's initial treatment of another grievance (NC-20-00206) as duplicative. In any event, this Court has held that when a prisoner raises intertwined issues in a single grievance, the prison should give the prisoner notice that it's invoking the multiple-issue rule. *Hamner v. Griffin*, Doc. 143 at 2 in E.D. Ark. No. 5:18-cv-60-DPM. ADC's standing silent and expecting a prisoner to know when a closely related layer of his grievance has been rejected for procedural reasons amounts to an "administrative scheme so opaque" that "no ordinary prisoner can discern or navigate it." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). The motion for partial summary judgment is therefore denied as to Grievance NC-20-00196.

The Court adopts the recommendation as to Grievance NC-20-00206. The prison initially rejected this grievance as a duplicate of NC-20-00196. In his appeal, though, Everett argued that this grievance was about a different issue. Further, he doesn't argue now that this grievance exhausted any claims in this lawsuit. Doc. 43. Because this grievance appears to be about issues not involved in this

lawsuit, the motion for partial summary judgment is granted as to this grievance.

\* \* \*

Partial recommendation, *Doc. 45*, partly adopted and partly declined. Motion for partial summary judgment, *Doc. 38*, partly granted and partly denied. Everett's claims against Ward, Day, Payne, and Huyard are dismissed without prejudice. His corrective inaction claim raised in Grievance No. NC-20-00196 goes forward.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_15 June 2021_