IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER EVERETT                                                                                      PLAINTIFF

v.                                              3:20-cv-00310-DPM-JJV

RICHARD COLLIE, Corporal,
NCU; *et al.*                                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr.   Any party may serve and file written objections to this recommendation.   Objections should be specific and include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

Christopher Everett ("Plaintiff") was an inmate at the Arkansas Division of Correction when he commenced this *pro se* lawsuit pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  Soon thereafter, I entered an Order explaining Plaintiff's obligation under Local Rule 5.5(c)(2) to maintain a valid mailing address with the Clerk of Court and advised him the case could be dismissed if he failed to do so.[1]  (Doc. No. 3.)

---

[1] Local Rule 5.5(c)(2) provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.   A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and

On July 30, 2021, Plaintiff updated the Court that he was residing at Sober Living. (Doc. No. 54.) However, on November 12, 2021, the Order sent to Plaintiff at Sober Living was returned as "not deliverable." (Doc. No. 61.) On November 16, 2021, I ordered Plaintiff to comply with Local Rule 5.5 and provided Plaintiff thirty (30) days to file an updated address. (Doc. No. 62.) And I reminded him this case would be dismissed if he failed to comply with my instructions. On December 17, 2021, Defendants filed a Motion for Summary Judgment, Statement of Facts, and Brief in Support. (Doc. Nos. 67-69.)

Plaintiff has not responded to my Order or the Defendants' Motion for Summary Judgment, and the time to do so has expired for both. Because the Clerk does not have a valid address for Plaintiff, it would be futile to grant him an extension of time to comply with my instructions or respond to Defendants' Motion for Summary Judgment. Accordingly, I recommend this case be dismissed without prejudice due to a lack of prosecution. *See* Fed. R. Civ. P. 41(b); Local Rule 5.5(c)(2).

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Complaint (Doc. No. 2) be DISMISSED without prejudice due to a lack of prosecution.

2. The Defendants' Motion for Summary Judgment (Doc. No. 67) be DENIED, as moot.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not

---

telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

be taken in good faith.

    DATED this 10th day of January 2022.

                                            _____
                                            JOE J. VOLPE
                                            UNITED STATES MAGISTRATE JUDGE